# UNITED STATES DISTRICT COURT
## Southern District of Texas
## Houston Division

| | | |
|---|---|---|
| **Hervey Acevedo**, individually and on behalf of all those similarly situated | § § § § | |
| Plaintiff, | § § | |
| | § | CA No: 4:21-cv-3691 |
| v. | § § | |
| **Hibernia Resources III, LLC** | § § | Collective Action |
| Defendant | § § | |

### Plaintiff's Collective Action Complaint

Hervey Acevedo ("**Plaintiff**") brings this action individually and on behalf of all others similarly situated against Hibernia Resources III, LLC ("**Defendant**") and in support shows the Court the following:

1. **Nature of Suit.**

    1.1. This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("**FLSA**").

    1.2. Defendant employed Plaintiff and other lease operators/pumpers whose primary job duties in the oil field involved outdoor manual labor, including operating oilfield equipment, inspecting and maintaining oilfield equipment, monitoring oilfield equipment, and collecting and relaying data to supervisors for analysis.

2. **Parties.**

   2.1. Plaintiff worked for Defendant in Texas in the three years preceding the filing of this case (the "**Relevant Period**"). Plaintiff is filing his consent to participate in this case with the Court.

   2.2. Plaintiff brings this action individually and on behalf of those operators similarly situated pursuant to the FLSA ("**Class Members**" or "**Lease Operators/Pumpers**"). The Class Members consist of Defendant's current and former Lease Operators/Pumpers who were paid a salary but not paid overtime and who worked more than 40 hours in one or more workweek over the previous three years.

   2.3. Defendant is a Texas limited liability company, licensed to do business in the State of Texas. Defendant's registered agent for service of process in Texas is E. Embry Canterbury, 5599 San Felipe, Suite 1200, Houston, TX 77056.

3. **Jurisdiction and Venue.**

   3.1. Venue of this action is proper in this district and division because Defendant maintains an office in this District. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

   3.2. Defendant carries on substantial business in the Southern District of Texas, maintains an office in Houston, Texas and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA.

4. **Coverage.**

   4.1. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

   4.2. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

   4.3. At all times hereinafter mentioned, Defendant has been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

   4.4. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and Defendant has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Plaintiff and the Class Members specifically handled and used materials that traveled in interstate commerce, including oil and gas equipment and rigs.

4.5. Defendant is an oil and gas services company. Two or more of Defendant's employees, engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Defendant's employees used/use:

4.5.1. Maintenance equipment and tools that have been manufactured and shipped across state lines;

4.5.2. computers and telecommunications equipment that have been manufactured and shipped across state lines;

4.5.3. office equipment, such as copiers, that has been manufactured and shipped across state lines;

4.5.4. the interstate telephone systems, landline and cellular, to recruit and employ individuals for operational positions;

4.5.5. The United States postal system to send mail across state lines; and

4.5.6. the interstate banking systems to pay Defendant's employees.

4.6. At all times hereinafter mentioned, Plaintiff and the Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

5. **Factual Allegations.**

5.1. Defendant an acquisition and development company focused on the exploration, growth and production of oil and natural gas assets.

5.2. Plaintiff worked for Defendant as a Lease Operator/Pumper and reported to its Big Lake, Texas location. Plaintiff was assigned to perform duties at various locations within Texas.

5.3. Plaintiff began his employment with Defendant on or about January 5, 2020. Plaintiff's employment with Defendant ended on or about November 5, 2021.

5.4. During the Relevant Period, Plaintiff's job responsibilities consisted of performing manual tasks outside at jobsites in the oilfield such (1) operating oilfield machinery; (2) inspecting and maintaining oilfield machinery; (3) monitoring oilfield machinery; and (4) collecting and relaying data—including the amounts of oil, gas, and water in storage tanks—to supervisors for analysis.

5.5. For all times relevant to this action, as Lease Operators/Pumpers, the Plaintiff's and Class Members' primary job duty for Defendant has been the performance of manual, non-management work. The Plaintiff's primary job duty is not the performance of office, or non-manual work directly related to Defendant's management or general business operations, or those of its customers.

5.6. The job duties of the Lease Operators/Pumpers at each of Defendant's locations was and is essentially the same. As a result, each Lease Operator/Pumper performed the same or similar job duties. The job functions of Plaintiff required little to no official training, and it did not require a college education or other advanced degree.

5.7. The daily and weekly activities of Plaintiff were routine and largely governed by standardized plans, procedures, and checklists created by Defendant. Virtually every job function was predetermined by Defendant, including the data to compile and schedule of work and related work duties. The Plaintiff was prohibited from varying his job duties outside of the predetermined parameters.

5.8. Plaintiff did not direct the work of two or more employees at any time during his employment. Plaintiff did not have the authority to hire or fire other employees, and his suggestions and recommendations, if any were made, as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

5.9. Plaintiff did not perform work that required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; and he do not perform work in a recognized field of artistic or creative endeavor.

5.10. Plaintiff and the putative Class Members routinely worked more than 40 hours in a work week during the Relevant Period. In many work weeks, Plaintiff worked 7 days and more than 8 hours per day.

5.11. Plaintiff and the putative Class Members were paid a salary.

5.12. Plaintiff and the putative Class Members were not paid an overtime premium for hours worked over 40 in a work week.

5.13. Defendant classified Plaintiff and the Class Members as "exempt" from the overtime protections of the FLSA.

5.14. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the putative Class Members.

6. **Collective Action Allegations**

6.1. It is the policy of Defendant not to pay overtime wages to Plaintiff and the Lease Operators/Pumpers.

6.2. Defendant does not pay overtime because Defendant has a policy of classifying each the Lease Operator/Pumper as an exempt employee. Such policy applies to Plaintiff and all Lease Operators/Pumpers.

6.3. Thus, other employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

6.4. The Class Members do not qualify for an FLSA exemption as they performed job duties typically associated with non-exempt employees. Their duties were routine and did not require the exercise of independent judgment or discretion. Moreover, these employees regularly worked more than 40 hours in a workweek and were not paid one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

6.5. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

6.6. Defendant's failure to pay overtime compensation at the rates required by the FLSA is based on Defendant's generally applicable policy of classifying each Lease Operators/Pumpers as an exempt employee and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experiences are typical of the experience of the Class Members.

6.7. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment. All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid the minimum wage and/or overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

6.8. The class of similarly situated Plaintiffs is properly defined by as follows:

> **All Lease Operators/Pumpers who worked for Defendant within the last three years who were paid a salary, worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

6.9. As a collective action, Plaintiff seeks this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

7. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

7.1. Each and every allegation contained in the foregoing paragraphs 1-6, inclusive, is re-alleged as if fully rewritten herein.

7.2. During the relevant time period, Defendant violated and continues to violate the provisions of section 7 of the FLSA, 29 U.S.C § 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

8. **Relief Sought.**

8.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all those who consent to be opt-in plaintiffs in this collective action recover from Defendant, the following:

8.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and his counsel to represent the Class Members;

8.1.2. An Order requiring Defendant to provide the names, addresses, email addresses and telephone numbers of all potential Class Members;

8.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

8.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

8.1.5. All unpaid wages and overtime compensation;

8.1.6. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA;

8.1.7. Reasonable attorneys' fees, expert fees, costs, and expenses of this action as provided by the FLSA;

8.1.8. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

8.1.9. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By:   */s/ Chris R. Miltenberger*
     Chris R. Miltenberger
     Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**